IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 16–14–H–CCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| DOMENICK JAMES HOWARD, | |
| Defendant. | |

This matter comes before the Court on the Magistrate Judge's Findings and Recommendations (ECF No. 32), following evidentiary hearing. (See ECF No. 34; Transcript of Hearing on February 15, 2017.) Defendant Howard has filed objections to the Magistrate Judge's Findings and Recommendation. (ECF No. 35.) The Magistrate Judge finds that the Defendant's statements made to his probation officer on April 13, 2016, were insufficiently warned and that therefore

those statements should be suppressed.  However, the Magistrate Judge recommends that the Court deny Defendant's motion to suppress as to the evidence gathered by the searches of Defendant's person, vehicle, residence, computer, and cell phone.  The Magistrate Judge finds that those searches were reasonable under the totality of the circumstances because Defendant had a diminished expectation of privacy as a state conditional release offender, because Defendant was duly forwarned that he was subject to searches of his person, vehicle, and residence and random searches of his hard-drives with internet access, and because reasonable suspicion existed that Defendant had violated the conditions of his release.

    The government has not objected to the Findings and Recommendation.

Any objections that have not been raised are waived.  28 U.S.C. § 636(b)(1)(A).  The Court has made a *de novo* review of the Defendant's objections.  The Court finds that the Magistrate Judge's Findings are supported by the record and the evidence in the case, and the Court finds no error of law as set forth by the Magistrate Judge.

The parties are familiar with the facts of the case, and the Court will not review the facts at length. Defendant Howard was convicted in Ravalli County in 2012 of the crime of sexual assault (felony) and was sentenced to a twenty year term of imprisonment with fifteen years suspended. The victim was a six year old female. Defendant is now charged in this federal district court with two counts of receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). Defendant Howard was released from custody on his state conviction on December 17, 2014, as a conditional release offender under the direct jurisdiction of the Montana Department of Corrections with supervision by the Helena Probation and Parole Office. A state offender on conditional release may be returned to Montana State Prison for a violation of release conditions without any court involvement, although the offender is entitled to an administrative hearing, and as such a conditional release offender has only the most minimal expectations of privacy. Defendant's original prohibition on internet access was modified in January, 2015, for the limited purpose of allowing Defendant to take online classes. Defendant was then also subject to random

searches of any computer in his possession having internet access.

The Court reviews Defendant's objections as follows.

Defendant Howard objects that the Magistrate Judge relied on the fact that Defendant's state probation officer, Lloyd Dopp, was informed on March 18, 2016, that Defendant had unapproved contact with minor children (an 8 year old female and a 6 year old male), because Officer Dopp "did not act on it." (ECF No. 35 at 4.) Defendant's theory is that because Officer Dopp merely told Defendant on March 18, 2016, that such contact was inappropriate and unapproved, that Officer Dopp effectively waived this ground for the search later conducted on April 13, 2016. Defendant cites two cases that hold that factual grounds for revocation can become stale after the passage of <u>years</u>. *See United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983); *see also United States v. Tyler*, 605 F.2d 851, 853 (5th Cir. 1979). The cited cases are irrelevant to this case, wherein the probation office worked with the Defendant for a period of less than one month before Defendant's arrest. The violation discovered on March 18 did not become stale by April 13, and the probation office did not waive the violation as

grounds for either a search or change in release status. Apparently a growing accumulation of violations led the state probation office to determine that working with the Defendant was not the proper course of action; the probation office then shifted course to arrest, search, and seizure of evidence.

Similarly, Defendant Howard objects that the Magistrate Judge relied on the fact that Defendant's state probation officer, Michelle Janicek,[1] focused her attention on a report that Defendant had unapproved contact with minor children on April 1, 2016, that he was babysitting the children while their mother worked, and that he had taken the children to Boulder Hot Springs during the last week in March 2016.[2] Defendant objects that Officer Janicek did not study Officer Dopp's

---

[1] According to the testimony, on the day that Child Protective Services interviewed the children, and a Helena police officer telephoned the state probation office, Probation Officer Dopp was not available to take that call. Therefore, his supervisor, Probation Officer Michelle Janicek, acted in Officer Dopp's place. After being informed of the children's statements, Officer Janicek called Defendant by telephone and instructed him to appear in at the state probation office within one hour for a urinalysis test and interview. (ECF No. 35-1, TR 44:6-46:14.)

[2] It was also a violation of Defendant's conditions to go to a swimming pool because it is a place where children commonly are found. One of

file thoroughly and so did not know that a chaperone agreement had been submitted by Defendant and his girlfriend on April 8. (ECF No. 35 at 5.) Defendant Howard asserts that his unapproved contact was known to his prior probation officer Lloyd Dopp and that essentially all of his conduct was either waived by the probation office or approved by the probation office. However, Officer Janicek testified that because of the allegations of prior and continuing violations, even if she had known that a chaperone agreement had been approved on April 8, she would still have had Defendant arrested and had probation officers search Defendant's residence, vehicles, computers, and phones. (ECF No. 35-1, TR 46:15-20.)

Additionally, Defendant neglects the fact that on March 18, 2016, Officer Dopp specifically told him not to have unapproved contacts with children. Continuing unapproved contacts with children were never sanctioned by anyone in

---

Defendant's conditions prohibited him from frequenting places (without prior approval by his probation officer), such as "schools, parks and playgrounds, . . . pools. . . ." (ECF No. 22-1 at 7.)

the state probation office; all unapproved contacts such as contacts with unchaperoned children or contacts with children having an unapproved chaperone were always violations of Defendant's release conditions.  Defendant Howard's position is that he had obtained approval from the state probation office for all his contacts with his girlfriend's children, but this is clearly incorrect because there was evidence that Defendant had contact with his girlfriend's children before she entered into a chaperone agreement and because there was also evidence that Defendant was having additional unchaperoned contacts with the children. This evidence of unauthorized contact with children in violation of conditions certainly contributed to the totality of the circumstances that gave law enforcement reasonable suspicion that Defendant was violating his conditions of release.  In addition, whether or not the probation officer could articulate the suspicion, a reasonable suspicion of criminal activity does arise when a hands-on sex offender insists on continuing to have unauthorized and unchaperoned contact of a grooming nature with children who are approximately the same age as his prior victim.

Defendant Howard objects to the Magistrate Judge's finding that Defendant was using his computer to groom the children during his unauthorized contacts with them. Defendant's position is that "[n]o evidence was presented at the suppression hearing that Mr. Howard actually used his computer to groom T.L.'s children." (ECF No. 35 at 6.) The Court cannot agree. The evidence was that the children said that Defendant gave his cell phone with internet access to them so that they could play online video games. The Oxford English Dictionary defines "grooming" as a transitive verb meaning "[o]f a paedophile: to befriend or influence (a child), now esp. via the Internet, in preparation for future sexual abuse."[3] It is by now common knowledge that sexual predators groom children by befriending them in order to create an emotional connection, often involving the giving of gifts or favors. The Court finds that the Magistrate Judge's finding as to grooming of the children was justified by the evidence in the case.

Defendant's objection that his cell phone search was not reasonably connected to any suspicion of criminal activity is likewise rejected for three

---

[3] http://www.oed.com/view/Entry/81721?redirectedFrom-grooming#eid2526501 (Draft Additions March 2007).

reasons. First, the cell phone was subject to a suspicionless search condition because it was a computer with internet access. Second, the cell phone was not supposed to have photographic or video capacity, and it did have that capacity in violation of conditions; the cell phone itself was therefore evidence of a violation of conditions of release. Third, the officers had a particularized and reasonable suspicion (albeit less than probable cause) that Defendant was using his cell phone to groom children for sexual abuse.

The Court concludes that the Magistrate Judge's findings are supported by the evidence in this case and the law applicable thereto. The Court therefore approves the Magistrate Judge's Findings and Recommendation and overrules Defendant's objections. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Suppress Evidence (ECF No. 16) is granted as to Defendant's statements made during his April 13, 2016, interview, but denied as to evidence gathered by law enforcement during searches of his person, vehicle, computers, and cell phone.

Dated this 24th day of April, 2017.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE