**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 16-14-H-BMM** |
| **Plaintiff,** | |
| **vs.** | **ORDER** |
| **DOMENICK JAMES HOWARD,** | |
| **Defendant.** | |

On September 23, 2024, Howard filed a pro se motion requesting the Court credit him for 311 days of time served in custody prior to his sentencing. (Doc. 107.)  The Court granted the motion, directing that Howard will receive credit for time in custody between November 17, 2016, and September 21, 2017.  (Doc. 108.) An amended judgment stating that Howard should receive credit was filed on December 30, 2024. (Doc. 109.)

On February 26, 2025, the United States submitted a Notice to the Court and a letter received from the Bureau of Prisons (BOP) regarding Howard. (Doc. 110.) The BOP advised that part of that time, between November 17, 2016, and September 9, 2017, was credited to Howard's state sentence in Case Number DC-

10-100.  (Doc 110-1 at 1.)  Howard was arrested on April 13, 2016, for a violation

of his conditional release in Case Number DC-10-100.  (*Id.*)  On May 13, 2016, his

conditional release was revoked, and he was placed in Department of Corrections

("DOC") custody.  (*Id.*)

While serving that DOC sentence, on November 15, 2016, Howard was taken

into the temporary custody of the United States Marshal Service pursuant to a writ

of habeas corpus ad prosequendum.  (*Id.*)  On September 9, 2017, Howard

completed his state sentence in DC-10-100.  (*Id.*)  The time between November 17,

2016, through September 9, 2017, was credited against Howard's that state

sentence.  (*Id.*)

BOP advised that crediting the time between November 17, 2016, through

September 9, 2017, is contrary to 18 U.S.C. § 3585(b).  (Doc. 110-1 at 1.)  BOP is

correct.  Pursuant to 18 U.S.C. § 3585(b)(2), a defendant should be credited for time

served on his federal sentence only if that time has not already been credited to

another sentence.  *See Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) (§

3585(b) disallows double crediting for time served).  The time that Howard served

between November 17, 2016, through September 9, 2017, was credited against his

state sentence in Case Number DC-10-100.  Hence, Howard served the state

sentence imposed upon revocation of his conditional release while awaiting trial on

his federal case and that state sentence expired on September 9, 2017.  (*See* Presentence Report (PSR) at 1; PSR ¶ 36; Doc 110-1 at 1.)  That Howard was transferred temporarily to United States Marshal Custody while serving that state sentence is of no relevance to the application of credit for time served under 18 U.S.C. § 3585(b).

In addition, as BOP identifies, the authority to calculate federal sentences and credit time served in accord with statute rests with the BOP pursuant to the Attorney General's designation.  *Wilson v. United States*, 503 U.S. 329, 333, 336 (1992).  Accordingly, IT IS HEREBY ORDERED that the Bureau of Prisons shall determine credit, if any, to be applied for time served between November 17, 2016, through September 21, 2017.

IT IS FURTHER ORDERED, pursuant to Federal Rule of Criminal Procedure 36, an amended judgment will be filed to reflect the same.

DATED this 27th day of February, 2025.


Brian Morris, Chief District Judge
United States District Court

3